**Patricia VAN ZEE (Schnackenberg), Appellant,**

v.

**Arlin VAN ZEE, Respondent.**

**Nos. 47073 and 47106.**

Supreme Court of Minnesota.

Aug. 19, 1977.

Winter, Lundquist, Sherwood, Athens & Pedersen, and Marvin E. Lundquist, Mankato, for appellant.

Harvey E. Skaar, Minneapolis, for respondent.

Heard before SHERAN, C. J., and PETERSON and TODD, JJ., and considered and decided by the court en banc.

PER CURIAM.

Plaintiff, Patricia Van Zee Schnackenberg, and defendant, Arlin Van Zee, were married in 1963 when they were 17 and 19 years of age, respectively, and divorced on November 28, 1967. Two children, now ages 11 and 13, were born to the marriage. The original divorce decree granted custody of the children to plaintiff, without any provision for right of visitation by defendant.

A first motion by defendant to amend the divorce decree to grant him the right of visitation was denied in 1973 but on appeal was reversed and remanded, *Van Zee (Schnackenberg) v. Van Zee,* 302 Minn. 371, 375, 226 N.W.2d 865, 868 (1975), with the direction that the trial court should "take whatever additional evidence he deems necessary to make a proper determination as to what is in the best interest of these minor children." A second motion for amendment of the decree was thereafter made by defendant. The district court by order dated August 2, 1976, which granted the motion, provided that defendant "shall have a reasonable right of visitation of said minor children of the parties at reasonable times and places." The court, incident to this motion, had ordered the Department of Court Services of Ramsey County to prepare a report on defendant's suitability as a parent and the advisability of his exercising visitation rights. This report recommended that visitation rights be granted to defendant. The court additionally interviewed the children themselves, with a result similarly favorable to defendant. Each of the parties submitted affidavits of friends and neighbors in support of their respective positions.

The only issue of substance in this appeal is whether the trial court abused its discretion in finding that the best interests of the children were served by granting defendant's motion for visitation rights. Little would be accomplished by a detailed description of the evidence before the court. The court, in a memorandum, stated:

"[Plaintiff] is deeply depressed at the prospects of visitation, even on a trial basis as described in this Order. The Court is aware that some of this distress is directly traceable to the trauma associated with the marriage and divorce. I do not believe these fears are justified. I do not believe that the children are likely to be harmed in any way by this visitation."

The trial court additionally noted that the "reasonable stability of [defendant] and his increasing maturity seems to be fairly well established by the Ramsey County Family Service Report." It is sufficient to say that the decision of the trial court is not without support in the record and that there was no abuse of discretion.

No costs or disbursements are allowed.

Affirmed.